# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID ROBERT POOLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV424-200 |
| STATE OF GEORGIA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff David Robert Poole filed this 42 U.S.C. § 1983 case asserting that he has been subjected to double jeopardy after he was prosecuted and subjected to prison discipline for the same conduct. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Poole's Complaint alleges that he was subjected to restricted conditions of confinement in June 2023 for unspecified conduct. Doc. 1 at 5. He was then prosecuted for the same unspecified conduct in the Superior Court of Houston County, Georgia. *Id.* He was convicted on unspecified charges arising from that conduct in August 2023. *Id.* He is now serving a three-year sentence on that conviction. *Id.* He requests that this Court "investigate" his allegations and "send this case back to the trial court for facts of finding [sic] and conclusion of law . . . [and] to make the courts follow the established facts of the law, not to be put in jeopardy twice for the same offense." *Id.* at 6. Poole's claim fails for multiple, independently sufficient, reasons.

First, § 1983 cannot be used to challenge the validity of a state criminal conviction. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must

seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); *see also, e.g., Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022); O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."). Thus, the validity of Poole's conviction can only be challenged through a procedurally proper habeas petition.

Second, to the extent that Poole appears to seek this Court's review of the validity of the state court's judgment against him, it lacks jurisdiction. "The *Rooker-Feldman* doctrine is a jurisdictional rule that

precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Attorney Gen. of Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012). Although the doctrine is "limited" and "clearly narrow," "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Efron v. Candelario*, 110 F.4th 1229, 1235-36 (11th Cir. 2024). This Court has recognized that *Rooker-Feldman* deprives it of jurisdiction to review the propriety of a state court criminal conviction. *See, e.g., Myers v. King*, 2022 WL 1810997, at *4 (S.D. Ga. June 2, 2022). Thus, the Court has no jurisdiction to review or "send this case back to the trial court . . to make the courts follow the established facts of the law . . . ." Doc. 1 at 6.

Third, both the State of Georgia and Defendant Smith, apparently the prosecutor who brought the charges against Poole in Houston County, are immune from suit. The State of Georgia enjoys both sovereign immunity and immunity under the Eleventh Amendment to the Constitution. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Kitchen v. CSX Transp., Inc.*, 6 F.3d 727, 731 (11th Cir. 1993). Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*,

4

174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony). Thus, the State of Georgia and Defendant Smith would enjoy immunity against any claim Poole could assert arising from his prosecution.

Finally, even assuming that Poole could avoid the jurisdictional and immunity obstacles, his claim that being subjected to both prison discipline and criminal prosecution for the same conduct violates the prohibition on double jeopardy is meritless. The Supreme Court has explained that "[t]he [Double Jeopardy] Clause protects only against the imposition of multiple *criminal* punishments for the same offense . . . ."

5

*Hudson v. United States*, 522 U.S. 93, 99 (1997) (citations omitted).  As the United States Court of Appeals for the Sixth Circuit has recognized: "Every circuit court of appeals to consider this question has given the same answer: The Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct." *United Sates v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (citations omitted) (citing cases from the Second, Third, Fifth, Seventh, Eighth, and Tenth Circuits).  Poole's claim that his discipline and subsequent prosecution amounted to double jeopardy is, therefore, meritless.

For any of the multiple reasons discussed above, Poole's Complaint should be **DISMISSED**.  Doc. 1.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

6

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Poole had $0.00 in average monthly deposits to or balance in his prison trust account. *See* doc. 7 at 1. He, therefore, does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee

has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.[1]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 3rd day of October, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.