# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DAVID ROBERT POOLE,

    Plaintiff,

v.

STATE OF GEORGIA, *et al.*,

    Defendants.

CIVIL ACTION NO.: 4:24-cv-200

## O R D E R

After a careful <u>de novo</u> review of the entire record, the Court concurs with the Magistrate Judge's October 3, 2024, Report and Recommendation, (doc. 9), to which plaintiff objected, (doc. 10). Poole's Complaint alleges that he was subjected to "double jeopardy" when he was prosecuted, and ultimately convicted, for unspecified conduct for which he was also subjected to internal prison discipline. (<u>See</u> doc. 1, p. 5.) He requests that the Court "investigate" his allegations and take other unspecified action to address the alleged violation. (<u>See id.</u>, p. 6.) The Magistrate Judge recommended that the Complaint be dismissed on multiple independent grounds. (<u>See generally</u> doc. 9.) First, the Magistrate Judge explained that § 1983 cannot be used to challenge the validity of a state court conviction. (<u>Id.</u>, pp. 2-3.) Second, he explained that this Court lacks jurisdiction to review the validity of state court judgments, including criminal convictions. (<u>Id.</u>, p. 4.) Third, the Magistrate Judge explained that two of the named defendants, the State of Georgia and an individual who appeared to be the prosecutor on Poole's case, were immune from suit. (<u>Id.</u>, pp. 4-5.) Finally, the Magistrate Judge explained that those obstacles

notwithstanding, courts have recognized that prison discipline and prosecution do not implicate "double jeopardy." (Id., pp. 5-6.)

Plaintiff's Objection is not entirely clear. Poole reiterates his contention that his "[p]resent [i]ncarceration" violates the Constitution's prohibition on double jeopardy. (Doc. 10, p. 1.) He then contends that the Magistrate Judge did not accept his Complaint's allegations as true and construe them favorably. (Id., p. 2.) He states: "This Complaint should not be construed as lesser to the law of the U.S. Constitution just because [Plaintiff] is a Pro Se Pleader [sic]." (Id.) He then states that he "has not challenged his conviction of original sentence, he has made a challenge to the sanctions of the court to impose additional sentence for no offense . . . ." (Id.) To the extent that his objections are discernable, they do not undermine the Magistrate Judge's analysis. Regardless of Poole's characterization of the penalties imposed by the state court and the prison where he is incarcerated, the Magistrate Judge correctly observed that there is no plausible argument that being subject to prison discipline and criminal prosecution for the same conduct violates the Double Jeopardy Clause of the Constitution. (See doc. 9, p. 6 (quoting United States v. Simpson, 546 F.3d 394, 398 (6th Cir. 2008) (citations omitted)). It is also clear that the Magistrate Judge applied the correct standard to evaluate Poole's Complaint. (See id., pp. 1-2.) Therefore, Plaintiff's Objection is **OVERRULED**. (Doc. 10.)

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 9.) Poole's Complaint is **DISMISSED**. Doc. 1. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 14th day of November, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA